968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leonel VILLEGAS-MOLINA, Defendant-Appellant.
 No. 91-2152.
 United States Court of Appeals, Tenth Circuit.
 June 9, 1992.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and SAFFELS,* District Judge.
 ORDER AND JUDGEMNT**
 EBEL, Circuit Judge.
 
 
 1
 The defendant, Leonel Villegas-Molina, was indicted for being found in the United States in violation of 8 U.S.C. § 1326(a) after having been previously deported on December 27, 1989. Defendant filed a motion to dismiss the indictment based upon the argument that he was denied due process during an earlier deportation hearing that occurred on February 14, 1989. The district court denied the defendant's motion to dismiss. In so doing, the district court found that the defendant's deportation hearing on February 14, 1989, and his subsequent deportation hearing on December 27, 1989, both fully complied with the requirements of 8 U.S.C. § 1252(b)(1), (2), (3), and (4). The court went on to find with specific regard to the December 27, 1989 hearing that he was accorded due process. The court concluded that the defendant's motion to dismiss the indictment was not well taken, and accordingly it denied the defendant's motion.
 
 
 2
 The defendant entered a conditional plea of guilty, and he now appeals the court order denying his motion to dismiss the indictment.
 
 
 3
 In this appeal, the defendant argues only that he was denied due process during the deportation proceedings on February 14, 1989. However, the defendant acknowledges that he was subsequently deported again on December 27, 1989, and that he illegally and without proper authorization reentered the United States after that time. Those facts are sufficient to support the indictment against him without the necessity of examining the procedures surrounding his February 14, 1989 deportation hearing.
 
 
 4
 Accordingly, we AFFIRM the order of the district court denying the defendant's Motion to Dismiss Indictment and the Judgment entered against the defendant in this case pursuant to his conditional plea agreement.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3